| | |
|---|---|
| EXELA PHARMA SCIENCES, LLC, | |
| Plaintiff, | |
| v. | Civil Action No.: _____ |
| SANDOZ, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFF EXELA PHARMA SCIENCES, LLC'S MOTION
FOR LEAVE TO FILE COMPLAINT UNDER SEAL**

Pursuant to Federal Rule of Civil Procedure 5.2(d), Plaintiff Exela Pharma Sciences, Inc. ("Exela") hereby moves for an Order permitting the filing of its Complaint under seal. Exela respectfully moves the Court for leave to file its Complaint under seal to protect confidential and proprietary research, development, commercial, and technical information belonging to both Exela and Defendant Sandoz Inc. ("Sandoz") (collectively "the parties") referred to in the Complaint that concerns their respective L-cysteine hydrochloride injection products, including:

1) the content of Sandoz's Abbreviated New Drug Application ("ANDA") No. 209994 produced to Exela with a "Highly Confidential" designation under the parties' Offer of Confidential Access agreement executed on May 8, 2020 ("OCA");

2) the content of the April 2, 2020 letter that Sandoz sent to Exela, designated "Highly Confidential," providing notice that Sandoz had filed with FDA, and FDA had received, Sandoz's ANDA No. 209994 ("Sandoz's Paragraph IV Letter") and containing the factual and legal bases for Sandoz's position that Exela's patents are invalid, unenforceable and/or not will not be infringed; and

3) the content of Exela's confidential New Drug Application ("NDA") No. 210660.

Pursuant to D. Del. LR 5.1.3 and Section G of the Court's Administrative Procedures Governing Filing and Service by Electronic Means, Exela will file a redacted version of the Complaint within seven (7) days that will show Exela seeks to seal only limited portions of the Complaint. Filing a redacted version of the Complaint satisfies the intention of the open court system, while protecting the parties' privacy interests. *See Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharm., Inc.*, No. 14-4727, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015) (factoring in the limited nature of redactions in its good cause analysis emphasizing that the parties sought to seal "scattered portions of their briefs" and the submissions contained "only limited redactions"); *see also Insight Equity AP X LP v. Transitions Optical Inc.*, No. 10-635, 2016 WL 7477751, at *1 (D. Del. Dec. 29, 2016) ("if there is a need for redactions, the proposed redactions should be as narrow as possible"). If left unsealed, the disclosure of the parties' confidential research, development, commercial, and technical information would provide the public insight into the confidential business and operations of the parties, their processes in considering, researching, and developing their respective drug products, and would give competitors an unfair advantage. Accordingly, the parties have a legitimate interest in protecting the above-identified information from disclosure.

"Good cause [to seal records] is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1069- 70 (3d Cir. 1984) (citations omitted). The Third Circuit has identified a non-exhaustive list of factors to balance when evaluating whether documents should be sealed. *Pansy v. Borough of Stroudsburg*, 23 F .3d 772, 787-91 (3d Cir. 1994).

Under the first *Pansy* factor, disclosure will violate 1) Sandoz's established privacy interests in its ANDA No. 209994 and Paragraph IV Letter, and 2) Exela's established privacy

interest in its NDA No. 210660.  While "[i]t is well-established that there is 'a common law public right of access to judicial proceedings and records' . . . [c]ourts generally protect materials containing trade secret[s] or other confidential research, development, or commercial information to prevent harm to a litigant's standing in the marketplace."  *Mars, Inc. v. JCM Am. Corp.*, No. 05-3165, 2007 WL 496816 at *2 (D.N.J. Feb. 13, 2007) (citations and internal quotation marks omitted); *see also Honeywell Int'l Inc. v. Nikon Corp.*, No. CIV.A. 04-1337-JJF, 2010 WL 744535, at *3 (D. Del. Mar. 2, 2010) (denying motion to unseal because "confidentiality of . . . technical and design information amounting to trade secrets, confidential research and business information" should be maintained"); *Vista India, Inc. v. Raaga, LLC*, 2008 WL 834399 at *2 (D.N.J. Mar. 27, 2008) (protecting "any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"); *In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653, 667 (D.N.J. 2004) (finding ANDAs, formulations, testing of products, and research and development history to be trade secret information in a Hatch-Waxman litigation); *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharm., Inc.*, No. 14-4727, 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015) (granting motion to seal information contained in or derived from defendant's ANDAs and proprietary business information regarding the development, formulation, manufacture and sales of defendant's ANDA products where the information was confidential and unavailable to the public at the time of filing the pleading); *cf. Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) (explaining that "there are things that might be appropriately sealed in a public proceeding, such as . . . trade secrets, and other proprietary technology").

The private interests at stake in this action warrant the relief sought.  Here, Exela and Sandoz are private parties to a dispute relating to patents, an FDA-approved drug product, and a proposed generic drug product.  The sealing of the above-identified confidential information serves to protect the private proprietary business interests of the parties, which have a legitimate interest in ensuring that their confidential and proprietary non-public commercial business information remain undisclosed.  If this information were to become publicly available, the parties' competitors could potentially, and likely, use that information in the highly competitive pharmaceutical product marketplace.  Therefore, the disclosure of the above-identified confidential information poses a substantial risk of harm to the parties' legitimate business interests and competitive positions.

The second, third, fourth, fifth, sixth, and seventh *Pansy* factors are either neutral, or weigh in favor of sealing above-identified confidential information.  Under the second factor, Exela cannot identify a legitimate purpose Sandoz might propose for the above-identified confidential information to be unsealed.  It is not anticipated that Sandoz will oppose this motion since it concerns Sandoz's own materials designated "Highly Confidential" and Sandoz will have access to the sealed Complaint.  Under the third factor, disclosure will not cause embarrassment to either party.  Under the fourth factor, the issue of infringement between private parties of a proposed drug product currently undergoing FDA review is not an important public health and safety issue.  The above-identified confidential information—almost all of which belongs to Sandoz—is already shared between the parties, thus unsealing the above-identified confidential information will not promote fairness and efficiency in accordance with the fifth factor.  Under the sixth factor, neither party benefitting from the order to seal the documents is a public entity

or official.  Finally, under the seventh factor, this case does not involve issues that are important to the public because it is patent infringement case between private parties.

Because the balance of the *Pansy* factors weighs in favor of protecting the parties' rights in the confidentiality of their proprietary research, development, commercial, and technical information, and because Exela will timely file a redacted version of the Complaint consistent with the Court's rules and to otherwise effectuate the goals of the open court doctrine, Exela respectfully requests that the Court grant its motion to seal the Complaint.

Dated:  May 14, 2020

FISH & RICHARDSON P.C.

By:  */s/ Robert M. Oakes*
Robert M. Oakes (#5217)
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
oakes@fr.com

**ATTORNEY FOR PLAINTIFF
EXELA PHARMA SCIENCES, LLC**